IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

SATORRIA JACKSON,                          :
                                           :
    Plaintiff,                             :
                                           :
v.                                         :    CASE NO.: 1:25-CV-94 (LAG)
                                           :
RICHARD I. FRANKLIN, II and                :
CITY OF AMERICUS,                          :
                                           :
    Defendants.                            :
                                           :

## ORDER

Before the Court is Defendant City of Americus' Motion to Dismiss (Doc. 4). For the reasons below, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**.

## PROCEDURAL BACKGROUND

On August 5, 2025, Plaintiff Satorria Jackson initiated this action against Defendants Richard I. Franklin, II (Defendant R. Franklin) and City of Americus, Georgia (Defendant City) in Sumter County Superior Court on March 4, 2025. (Doc. 1-2 at 3). The Complaint[1] asserts claims for violation of Plaintiff's "rights secured by the Constitution and the laws of the United States" (Count I), negligence (Count II), intentional infliction of emotional distress (Count III), and trespass to chattels (Count IV) against both Defendants, and a punitive damages claim against Defendant R. Franklin only (Count V). (*Id.* at 93–99). Defendant City removed the action to this Court and filed two partial

---

[1]    Plaintiff filed her original Complaint in the Superior Court of Sumter County on March 4, 2025. (Doc. 1-2 at 26–33). Defendant City filed a Partial Motion to Dismiss Plaintiff's claims for punitive damages against Defendant City on the basis of immunity. (Doc. 1-2 at 70–73). While not styled as such, Plaintiff appears to have filed an Amended Complaint on May 20, 2025. (Doc. 1-2 at 89–100). The Court notes that the Complaint attached at pages 89–100 of Doc. 1-2 bears the same Superior Court case number, 25CV00048(S), as the original Complaint and removes the claim for punitive damages against Defendant City. (Doc. 1-2 at 89–100). The Court considers the Complaint attached at pages 89–100 of Doc. 1-2 to be the operative Complaint in this action.

Motions to Dismiss. (Docs. 1, 2, 4). Plaintiff responded, albeit untimely,[2] and Defendant replied. (Docs. 6, 8, 10). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.3.1.

### FACTUAL BACKGROUND

On or around March 4, 2023, Plaintiff witnessed Defendant R. Franklin run a stop sign without an emergency.[3] (Doc. 1-2 at 92). Defendant R. Franklin was, at the relevant time, an officer with the Americus Police Department. (*Id.* at 94). Plaintiff went on Facebook Live to admonish Defendant R. Franklin for running the stop sign. (*Id.* at 92). Defendant R. Franklin saw the live video of Plaintiff exposing him for running the stop sign and became belligerent. (*Id.*). The following day, March 5, 2023, Plaintiff woke to discover a broken window and all four tires flattened on her 2005 Ford Crown Victoria. (*Id.*). When Defendant R. Franklin and two other officers responded to the scene to survey the damage and issue a police report, Plaintiff called the police. (*Id.*).

On March 7, 2023, Americus Police Department Chief Mark Scott Franklin suspected Defendant R. Franklin was responsible for Plaintiff's damages and asked the Georgia Bureau of Investigation (GBI) to conduct a criminal investigation into Defendant R. Franklin. (*Id.*). On March 8, 2023, Plaintiff filed a complaint with Defendant City of Americus against Defendant R. Franklin after discovering that he was responsible for the damages to her vehicle. (*Id.* at 92–93). The GBI arrested Defendant R. Franklin and charged him with second-degree criminal damage to property, one count of making false statements, and one count of violation of oath of office. (*Id.* at 93). On March 24, 2023,

---

[2] "Despite the undeniable lateness of Plaintiff['s] response brief, the Court will exercise its discretion and accept the filing in the interest of allowing Plaintiff[] every opportunity to present their case in response to Defendants' dispositive motion." *Chae Yi You v. JP Morgan Chase Bank, N.A.*, No. 1:12-CV-202-JEC-AJB, 2012 WL 3904366, at *2 (N.D. Ga. May 23, 2012), *report and recommendation adopted sub nom. Chae Yi You v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-202-JEC-AJB, 2012 WL 3904363 (N.D. Ga. Sept. 7, 2012) (first citing *Magluta v. Samples*, 162 F.3d 662, 664–65 (11th Cir. 1998); and then citing *Edwards v. Shalala,* 846 F.Supp. 997, 998 n. 2 (N.D. Ga. 1994); and then citing *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003)).

[3] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1-2 at 89–100) as true. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).

Defendant R. Franklin resigned from Americus Police Department, and he was taken into custody. (*Id.*).

On April 15, 2023, Plaintiff delivered a demand pursuant to O.C.G.A. § 33-4-7(c) to the City Mayor, Lee Kinnaman offering to settle her claims. (*Id.*). Defendants have refused to resolve Plaintiff's claims. (*Id.*). As a result of Defendant R. Franklin's actions on March 4, 2023, Plaintiff has experienced emotional pain and suffering consistently since the date of the accident, which includes anxiety, depression, fear, and post-traumatic stress syndrome. (*Id.*). Plaintiff's vehicle sustained severe damage as a direct and proximate result of Defendants' breach of legal duties owed to the Plaintiff. (*Id.*).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## DISCUSSION

### I.    Defendant City's Motion to Dismiss Plaintiff's Punitive Damages Claim (Doc. 2)

Before this action was removed to this Court, Defendant City filed a Motion to Dismiss the punitive damages claim asserted against it in the original complaint filed by Plaintiff. (Doc. 2). The Superior Court never ruled on the Motion because Plaintiff amended her complaint to remove the claim for punitive damages against Defendant City. (*See* Doc. 1-2 at 3–4, 26–33, 70–73, 89–100).  The Motion appears to have been refiled in error in an effort to comply with the Clerk of Court's directive to "refile pending motions from the court of origin in this new case" when the case was removed to this Court. (*See* Docket at Doc. 1). As the pending motion appears to have been filed in error and seeks dismissal of a non-existent claim, the Motion is denied as moot. *Steffens v. Nocco*, No. 8:19-cv-01940-KKM-AAS, 2021 WL 1020967, at \*2 (M.D. Fla. Mar. 17, 2021) ("Because Plaintiff did not plead a gender discrimination claim and a FCRA claim, any argument as to these two claims is moot.").

### II.    Defendant City's Motion to Dismiss (Doc. 4)

Defendant City moves to dismiss Plaintiff's Complaint (Doc. 1-2 at 89–101) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Doc. 4-1 at 1). Specifically, Defendant City argues that Plaintiff's Complaint must be dismissed because it is an impermissible shotgun pleading. (*See id.* at 6–8). Defendant City further argues that permitting Plaintiff to amend her complaint would be futile because Defendant R. Franklin was not acting in his official capacity when engaging in the conduct alleged. (*See id.* at 7–8). Plaintiff does not respond to Defendant City's shotgun pleading argument. (*See generally* Doc. 6). Plaintiff contends that Defendant City cannot rely on sovereign immunity as a defense to Plaintiff's claims because by employing Defendant R. Franklin and permitting his conduct, Defendant City is liable under respondeat superior principles, especially given the willfulness and malice involved. (*Id.* at 3–7).

Federal Rules of Civil Procedure 8 and 10 set forth the requirements for complaints filed in federal court. At a minimum, a complaint must include a "short and plain statement

of the claim showing that the pleader is entitled to relief" set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 10(b). A complaint that does not adhere to the basic requirements of Rules 8 and 10 is a "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit has "little tolerance" for shotgun pleadings, which "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

A complaint is a shotgun pleading if it: (1) contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fails to "separate 'each cause of action or claim for relief' into a different count"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324–25 (alteration in original) (quoting *Weiland*, 792 F.3d at 1321–23). The "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (first citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) (per curiam); and then citing *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996)).

Plaintiff's Complaint is a shotgun pleading. First, the Complaint commits the "mortal sin of re-alleging all preceding counts." *Weiland*, 792 F.3d at 1321 (citations omitted); (*see* Doc. 1-2 at 93–99). Plaintiff's complaint is also "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321 (citations omitted). For example, Plaintiff alleges that her "rights secured by the Constitution and the laws of the United States were violated." (Doc. 1-2 at 93). Plaintiff does not identify the constitutional amendment or statutes which give rise her

claim. (*See id.* at 93–94). Such a barebones allegation does not provide Defendants with the notice required for them to adequately defend against Plaintiff's claim. (*See id.* at 96). Moreover, Plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Barmapov*, 986 F.3d at 1324 (citing *Weiland*, 792 F.3d at 1321). Plaintiff alleges that "Defendants' conduct was extreme and outrageous," yet identifies only window smashing and tire slashing—conduct allegedly committed solely by Defendant R. Franklin. (Doc. 1-2 at 96). As a result, Defendant City lacks notice of any conduct attributable to it that could plausibly be deemed extreme or outrageous. (*See id.*). Accordingly, the Complaint is an impermissible shotgun pleading.

When faced with shotgun pleadings, trial courts are directed to "step in and require a repleader[.]" *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013); *see also Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). Defendant argues, however, that the Court should not allow Plaintiff to amend her complaint because doing so would be futile. (Doc. 4-1 at 7–8; Doc. 10 at 3). Notably, Plaintiff never responded to this argument. (*See generally* Doc. 6).

"[D]istrict courts may properly deny leave to amend when an amendment would be futile." *Martin v. Budd Props., Inc.*, No. 7:17-CV-27(WLS), 2017 WL 6994886, at *1 (M.D. Ga. Oct. 3, 2017) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell*, 510 F.3d at 1310. "In other words, leave to amend should be denied when the 'complaint as amended would necessarily fail.'" *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x. 988, 994 (11th Cir. 2014) (quoting *Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006)).

Defendant City argues "that Defendant [R.] Franklin was not acting under the color of law or under the scope of his employment, and, therefore, [Defendant] City is not liable for Plaintiff's alleged damages[.]" (Doc. 10 at 3; *see also* Doc. 4-1 at 7–8). Defendant City is correct. "The Supreme Court has explained that the 'acts of officers in the ambit of their

6

personal pursuits are plainly excluded' from being under color of law, while the 'acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority to overstep it.'" *Butler v. Sheriff of Palm Beach Cnty.*, , , 1268 (11th Cir. 2012) (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)). Plaintiff alleges that Defendant R. Franklin damaged her property in retaliation for a Facebook Live video—an act having nothing to do with any law enforcement activity on behalf of Defendant City. (Doc. 1-2 at 92–93). Accordingly, Plaintiff's federal claims against Defendant City are futile. Likewise, under Georgia law, "two elements must be present to render a[n] [employer] liable under respondeat superior: first, the [employee] must be in furtherance of the [employer's] business; and, second, he must be acting within the scope of his [employer's] business." *Graham v. City of Duluth*, 759 S.E.2d 645, 650 (Ga. Ct. App. 2014). "Here, it is absolutely undisputed that [Defendant R. Franklin] was off duty . . . and not in any way engaged in his law enforcement duties at the time he attacked [Plaintiff's vehicle]. To the contrary, [Defendant R. Franklin's] criminal conduct in this case was antithetic to his law enforcement duties." *Id.* Thus, Plaintiff's state law claims against Defendant City are futile as well. The Court, therefore, will not grant Plaintiff leave to amend.

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**.

**SO ORDERED**, this 10th day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**